Per Curiam.

Plaintiff bases his cause of action on the manner in which the traffic signal was operated, claiming the street was not open and free from nuisance as required by Section 723.01, Revised Code.
It is alleged in the amended petition that traffic at the intersection involved, which was a “T” type, was governed by a signal device erected and operated by the defendant city, and that by its operation the signal device allowed vehicular traffic to proceed in a northerly direction at all times and also allowed pedestrian traffic to cross the same street from west to east with a green signal in its favor, thereby placing the pedestrian in an extrahazardous and dangerous position — that of assuming he had the right of way to cross, whereas in fact he could not safely cross because of the green arrow allowing vehicular traffic to cross the crosswalk at all times. There is no allegation or claim *12 that the signal device was not functioning in the manner in which it was designed to function.
Plaintiff’s allegations as to the functioning of the traffic signal will not support an action against the city to recover damages for the death of decedent. The judgment of the Court of Appeals is affirmed on authority of Tolliver v. City of Newark, 145 Ohio St., 517, 62 N. E. (2d), 357, 161 A. L. R., 1391.

Judgment affirmed.

Matthias, Hart, Zimmerman and Stewart, JJ., concur.